## PORTER v. McELHINEY.

1. **Fraudulent Representations:** EVIDENCE CONSIDERED. Evidence held insufficient to establish fraudulent representations in relation to real estate sold by the defendant to the plaintiff.

*Appeal from Polk Circuit Court.*

SATURDAY, APRIL 23.

ACTION in equity to rescind a trade whereby the plaintiff and the defendant, McElhiney, made an exchange of real estate. The plaintiff claims a rescission upon the ground that she was induced to make the exchange by certain false and fraudulent statements made by McElhiney. The defendant denies all fraud. The court dismissed the plaintiff's petition and she appeals.

*Cole & Cole,* for appellants.

*J. S. Clark* and *A. D. Storrs,* for appellee.

ADAMS, CH. J.—In November, 1879, the plaintiff was the owner of a house and lot in the city of Des Moines, where she resided with her family. The defendant, McElhiney, was the owner of a farm in Putnam county, Mo. These two pieces of property the parties exchanged, the trade being made in the city of Des Moines. The plaintiff having never seen the Missouri property, and finding it inconvenient to make an examination of it, exacted of the defendant before trading a written statement as to the character and condition of the property, and entered into the trade in reliance upon the correctness of such statement. She avers that the statement is untrue in several material respects. The statement is in these words:

"I, Hewitt H. McElhiney, the undersigned, have this day sold to Sintha Porter a farm of 143 acres of land as described

in a deed made by me this day to her, the land being in section 2, township 64, range 17, Putnam county, Mo., and I make to Mrs. Porter the following statement in regard to the farm which I bind myself to make good, fire or violence excepted. The farm is first-class second bottom land for that county; a small portion of it only overflows, and that only in extreme high water; there is about 100 acres fenced and in cultivation; a small orchard of apple and peach trees; two dwelling houses, one with two rooms filled in with brick, and one with one room; a log stable and two cribs, neither of which has a wooden roof; a log smoke-house.

"Signed,                              H. McELHINEY."

The plaintiff complains that none of the statements are true except in regard to the quantity of land.

She also sets out in her petition a large number of statements which she avers were made by McElhiney by parol to induce her to make the exchange, and upon which she relied, and which were false and fraudulent. The defendant denies the statements alleged to have been made by parol.

As to whether they were made or not there is some conflict in the evidence. But the defendant insists that the evidence clearly shows that the trade was not made in reliance upon parol statements, if any were made, but in reliance upon the written statement alone.

This position of the defendant it appears to us is well taken. In the first place we can see no reason why the plaintiff, when she demanded of the defendant that he should put his statements in writing, should not have seen to it that the writing embraced all the statements she deemed material. In the second place it is shown in evidence that she said: "I wanted a written statement and took the one he gave me as satisfactory, and if everything had been as stated in that writing I should have been satisfied."

We look upon this as showing conclusively that whatever

statements were made by parol, if any, were not of such a character as to induce the trade.

We have, then, to consider whether the statements made in writing were false and fraudulent.

A large number of witnesses were examined upon both sides. We cannot within the proper limits of an opinion set out and discuss the evidence in detail. It is sufficient to say that it satisfies us that the written statements made by the defendant were substantially true.

In the deed, however, made by the defendant to the plaintiff the land is described as being subject to a mortgage, whereas, what was called a mortgage was in fact a deed of trust. The deed to plaintiff was executed on the 15th day of November, 1879, and on the same day it appears that the farm was advertised to be sold under the deed of trust, the sale to take place Dec. 23, 1879. The deed was delivered Nov. 21st, 1879, but it does not appear that the defendant knew of the advertisement. He knew that there was danger of the farm being sold and he so informed the plaintiff, and advised her that it required her immediate attention. She insists, however, that the description of the incumbrance in the deed to her constituted a representation that it was a mortgage, and that inasmuch as it was in fact a deed of trust the representation was false and fraudulent.

Whether this position is well taken or not might depend upon the difference between a Missouri mortgage and a Missouri deed of trust. We can conceive that the difference may be such that the plaintiff's condition would not have been better if the incumbrance had been a mortgage.

The defendant insists that the difference is not material. In support of that view it appears that he introduced in evidence the statutes of Missouri. What those statutes showed the abstract does not disclose. It merely recites the fact that the statutes were introduced. Upon the point in question the abstract clearly does not contain all the evidence that was

introduced, and we can make no finding of fact so far as this point is concerned.

We think the plaintiff failed to prove the allegations of her petition, and that it was rightly dismissed.

AFFIRMED.